UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **LILLIE JOHNSON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **vs.** } | **CASE NO. CV 06-B-1193-S** |
| } | |
| **R & L FOODS, LLC d/b/a** } | |
| **WENDY'S OLD FASHIONED** } | |
| **HAMBURGERS,** } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION

Currently before the court is defendant's Motion to Strike (Doc. 23).[1]  Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendant's Motion to Strike is due to be granted in part, and denied in part.

**I.    DISCUSSION**

Defendant contends that certain portions of the plaintiff's evidence, certain of the plaintiff's statements of fact, and certain portions of the plaintiff's brief should not be considered by the court in passing on the Motion for Summary Judgment as they are due to be stricken from the record.  The court will address defendant's contentions concerning each of the challenged portions of the record in turn.

---

[1]    Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

      **A.**     **Alwine's Alleged Statements**

Defendant contends that certain of plaintiff's evidence which, it contends, constitutes inadmissible hearsay, must not be considered in passing on its Motion for Summary Judgment.  First, defendant contends that several statements allegedly made by Mike Alwine, on which Plaintiff relies as circumstantial evidence of racial discrimination, are inadmissible hearsay.  Plaintiff testified that "Mike said that they weren't going to put another black person in [the GM] position [at Wildwood]."  (Def.'s Ex. 8, Johnson Depo. at 137.)  However, it is clear from latter portions of her testimony, that Alwine never made a statement to that effect directly to plaintiff.  She testified:

> Q.    Any other reason that you think that you were denied this promotion because of your race?
>
> A.    Other than [Alwine] telling me and the other crew people that I was getting it, the position, and then tell some of the white employees, you know, "She'll never get this store.  They're not going to put a black person in this store, maybe Bessemer store."
>
> Q.    Okay.  Who told you?  Mike Alwine?
>
> A.    Yes, ma'am.  And employee also.
>
> Q.    Mike told you that, that you were supposed to get this store, or who told you that you were supposed to get that store?
>
> A.    Mike Alwine and Dave Westerfield.
>
> Q.    And then the fact that you didn't get the store makes you think that it was because of your race?
>
> A.    And what others said also.
>
> Q.    Okay.  And what did others say?

A.  Candice Swindle, she told me that Mike told her I would never get the store because they are not fixing to start all over putting blacks as general manager at Wildwood.

Q.  And that's would Candice told you?

A.  Yes, ma'am.

Q.  That Mike said?

A.  Yes, ma'am.

Q.  Did Mike ever tell you that specifically?

A.  Mike told me I was getting the store.

Q.  Okay.  So Mike never specifically told you that he's not going to put a black person as the general manager at that store.

A.  No, ma'am.  Not directly to me, but he said it while I was around, didn't know that I heard him, or wasn't aware.

Q.  Okay.  When was that?

A.  Many times, going in the cooler in the morning, opening, while we're shooting the breeze, talking, chitchatting.

Q.  And what do you recall that he said, specifically?

A.  "She thinks she's going to get it but look at how many other managers – we only went through the white manager.  She's not going to get this store, but she'll continue to do a good job the more you tell her, yeah, she'll get it.  She'll continue to do a good job.  And that's what I did, continued to work at it, because I wanted that store.

Q.  And who was he speaking to when he was saying this?

A.  Crew members, Seabon [Clayton], Twila.

>    . . .
>
>    Q.   Are both of them African-American?
>
>    A.   Yes ma'am. And Linda, she's white.
>
>    Q.   Anybody else that you think may have heard this?
>
>    A.   Others heard it, but it didn't matter.

*Id*. at 141-44.

Under the Federal Rules of Evidence, "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed.R.Evid. 801(c). Hearsay "is not admissible except as provided by these rules . . . " Fed.R.Evid. 802. The general rule is that inadmissable hearsay "cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1323 (11th Cir. 1999). However, some courts have held that a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be "reduced to admissible evidence at trial." *Id*. (citing *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir. 1999) (other citations omitted). In *Macuba*, the Eleventh Circuit stated as follows:

> We believe that the courts that have used the phrases "reduced to admissible evidence at trial" and "reduced to admissible form" to explain that the out-of-court statement made to the witness (the Rule 56(c) affiant or the deposition deponent) must be admissible at trial for some purpose. For example, the statement might be admissible because it falls within an exception to the hearsay rule, or does not constitute hearsay at all (because it is not offered to prove the truth of the matter asserted), or is used solely for impeachment purposes (and not as substantive evidence).

193 F.3d at 1323-24.  The plaintiff seeks to offer evidence of Alwine's alleged statements as substantive evidence for the purpose of proving the truth of the matter asserted. Therefore, unless the statements fall within an exception to the hearsay rule, the court must not consider evidence of the alleged statements in passing on the defendant's Motion for Summary Judgment.

The court will first address the statement allegedly made to Candice Swindle and related by Swindle to plaintiff, which presents a classic "double hearsay" problem.  Under the Federal Rules, "[h]earsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules."  Fed.R.Evid. 805; *see U.S. v. Pendas-Martinez*, 845 F.2d 938, 942-43 (11th Cir. 1988) (holding that both levels of hearsay must be excepted from the hearsay rule).  Therefore, plaintiff's testimony regarding a statement allegedly made by Alwine to Swindle, and then repeated by Swindle to plaintiff is only admissible if each level of the statement, from Alwine to Swindle, and from Swindle to plaintiff, falls under an hearsay exception.

Excepted from the definition of hearsay is a "statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship," which is deemed an admission by a party opponent. Rule 801(d)(2)(D).  A determination of admissibility under Rule 801(d)(2)(D) "turns on the nature of the supervisory position held by the declarant at the time when the statement

5

was made." *Miles v. M.N.C. Corporation*, 750 F.2d 867, 873 (11th Cir. 1985). Statements made by a supervisor who has played an active role in the decision-making process affecting the plaintiff are generally admissible. *Horne v. Turner Construction Company*, 136 Fed.Appx. 289, 293 (11th Cir. 2005) (citing *Miles*, 750 F.2d at 873-75). Plaintiff does not argue that Swindle, a crew member, had authority to speak for R&L regarding hiring and promotions, or that she had any input into the decision to select Mason instead of plaintiff as the new GM at Wildwood. The court need not determine whether the statement from Alwine to Swindle falls under the exception set out in Fed.R.Evid. 801(d)(2)(D), because Swindle's repetition of the statement to plaintiff was clearly not "a statement concerning a matter within the scope of her employment." Fed.R.Evid. 801(d)(2)(D).[2] Therefore, plaintiff's testimony regarding the statement Alwine allegedly made to Swindle is hearsay, and this evidence will not be considered in passing on defendant's Motion for Summary Judgment.

The court will next consider the statement Alwine allegedly made to Seabon Clayton, Twila, and Linda, and which plaintiff claims to have overheard. Because plaintiff claims to have personally overheard these statements, they will not be stricken from the record; however, the statements recounted in plaintiff's deposition do not

---

[2] In her Declaration, Swindle denies that Alwine made such a statement to her. She states that "[n]either Mike Alwine or any other R&L manager told me that R&L would not hire an African-American to work as the General Manager at the Wildwood store." (Def.'s Ex. 15, at unnumbered 2, ¶ 6.)

constitute evidence of racial animus.[3]

Finally, plaintiff claims that Catawba Brown told plaintiff that Alwine had told her to send plaintiff's EEOC papers to the main office. (Doc. 22, Pl. Br. at 4, ¶ 17e.) Plaintiff contends that this is evidence that Alwine was aware of plaintiff's EEOC charge before he terminated her, although the charge was received by the Wildwood store, where Brown was Assistant Manager, instead of the corporate office. *Id*. Plaintiff testified as follows:

> Q. So you're claiming that they had the first [EEOC Charge] at the Wildwood store on the day you were terminated?
>
> A. Yes, ma'am.
>
> Q. Do you know if Mike [Alwine] was aware of that charge?
>
> A. Yes, ma'am.
>
> Q. How do you know?
>
> A. Because Catawba [Brown] told me Mike wanted her to get those papers to the main office because they was not supposed to have went to 213 State Farm Parkway. They was supposed to have went to the office.

(Def.'s Ex. 8, Johnson Depo. at 181.)   The statements referenced above allegedly made

---

[3] As noted above, plaintiff testified that she overheard Alwine state, "she thinks she is going to get it but look at how many other managers – we only went through the white manager. She's not going to get this store, but she'll continue to do a good job, the more you tell her, yeah, she'll get it. She'll continue to do a good job." (Def.'s Ex. 8, Johnson Depo. at 143.)

by Brown to plaintiff are inadmissible hearsay.[4]  Moreover, even if plaintiff's testimony cited above was not stricken, the statements are insufficient evidence on which a reasonable jury could find that Mike Alwine knew of plaintiff's EEOC charge ***before*** he disciplined or discharged plaintiff.  The statement plaintiff attributed to Ms. Brown does not include a ***time*** when Mr. Alwine allegedly told Ms. Brown to do something with plaintiff's EEOC papers.

### B. "Facts" Not Supported by the Record

Defendant moves the court to strike certain of the plaintiff's statement of facts, arguing that they are not supported by the record.  (Doc. 23, at 6, ¶ 2.)  However, defendant's quarrel seems to be with plaintiff's interpretation of the evidence of record.  Defendant's interpretation of the testimony of record is quite different from plaintiff's, however, that does not mean that plaintiff's statement of facts, based on her interpretation of the evidence are false or unsupported by the record.  Where the court feels that the parties' statements of fact diverge from the record, the court will rely on the evidence, and draw its own conclusions as to the reasonable interpretation thereof; the parties' statements of fact will not be considered as evidence.  Therefore, the court will not strike

---

[4] Brown has offered testimony that the alleged conversation between herself and Alwine never took place.  (Def.'s Ex. 9, Brown Depo. at 22-24.)  Furthermore, Brown testified that she never received papers from the EEOC while opening the mail for the Wildwood store, and further, that she never opened the store mail; only the General Manager opened the store's mail.  *Id*. at 23-24.  Brown testified that she had never seen a copy of plaintiff's EEOC charge, and that she did not learn about the charge until plaintiff told her about it.  *Id*. at 23.

the portions of plaintiff's statement of facts, which defendant contends are not supported by the record.

### C. Irrelevant Evidence

Defendant contends that Alwine's testimony that he believe plaintiff was "ready" to be a GM is irrelevant because he did not participate in the decision to fill the GM position at the Wildwood store. (Doc. 23, Motion to Strike at 9, ¶ 3.) The court disagrees. As plaintiff's supervisor, and a GM himself, Alwine's opinion as to whether plaintiff was ready to be a GM is relevant to the question of whether she was qualified for that job, especially in light of the fact that he offered Johnson's name, along with the names of two other managers, to Dave Westerfield for consideration as his replacement. (Def.'s Ex. 7, Alwine Depo. at 15.) Therefore, defendant's Motion to Strike will be denied as to Alwine's testimony that Johnson was "ready" to be a GM. However, the court notes, that this statement is qualified by testimony that Alwine did not believe that Johnson was a good candidate for the *Wildwood* GM position because of her difficulty getting along with the crew, which the court will also consider. *Id*.

### D. Unsupported Denials

Defendant moves the court to strike certain of plaintiff's denials of defendant's Statement of Undisputed Facts because they are not supported by citations to evidence supporting the denial as required by Exhibit A to the court's Scheduling Order in this case, and Fed.R.Civ.P. 56(e). (Doc. 23, Motion to Strike at 9-10, ¶ 4.) The court will not

consider plaintiff's denials to defendant's Undisputed facts, to the extent that plaintiff fails to make a specific reference to those portions of the evidentiary record upon which the dispute is based. Therefore, plaintiff's denial of defendant's Undisputed Facts 17.b., 17.d., and 35 will be stricken from the record. Plaintiff's denial of defendant's Undisputed fact 32.e. is supported by a citation to plaintiff's deposition, thus the Motion to Strike is denied as to plaintiff's denial of defendant's Fact 32.e.

Defendant also moves the court to strike plaintiff's denials of defendant's Facts 30.b. and 31.b. (Doc. 23, Motion to Strike at 11-13, ¶ 6.) Defendant's Undisputed Fact 30.b. states "The employees called Alwine to open the store [on the morning of October 6, 2005]." (Doc. 18, Def.'s Br. In Support at 10, ¶ 30.b.) The evidence plaintiff cites in support of her denial of that fact establishes only that plaintiff does not know whether any employee called Alwine, that when she arrived that morning the employees were still waiting outside, and that she let them in. (Def.'s Ex. 8, Johnson Depo. at 119, 125.) Because plaintiff has failed to cite any evidence supporting the basis of her denial of defendant's Fact 30.b., defendant's Motion to Strike will be granted as to plaintiff's denial of that fact.

Defendant's Undisputed Fact 31.b. states: "LaDerrick Sanders and John Williams had informed Alwine that they had arrived around 7:20 or 7:30 a.m." (Doc. 18, Def.'s Br. In Support, at 11, ¶ 30.b.) To support her dispute of this fact, plaintiff relies on her own testimony cited above that she arrived at around 7:15, as well as Alwine's testimony that

he arrived before plaintiff that morning and let the employees into the store. (Doc. 22, Pl.'s Br. at 3-4, ¶ 30.b.) The testimony on which plaintiff relies to dispute defendant's Fact 31.b. is irrelevant to what time Sanders and Williams *told* Alwine they had arrived on October 6, 2005. In fact, plaintiff testified that she does not know what these employees told Alwine:

> Q. Now, do you know if Mike Alwine asked these employees what time they got there?
>
> A. I'm not sure.
>
> Q. Do you know what they told him?
>
> A. No, ma'am. I'm not sure.

(Def.'s Ex. 8, Johnson Depo. at 121.) Because plaintiff's denial of defendant's Fact 31.b. is not supported by the record, it will be stricken.

### E. Conclusory Allegations

Defendant moves the court to strike the plaintiff's conclusory statement that R&L, and particularly Westerfield, showed racial "bias toward placing Mason in the predominantly white Homewood area [at the Wildwood store] instead of the more racially diverse Bessemer area. (Doc. 23, Motion to Strike at 10-11, ¶ 5; Doc. 22, Pl.'s Br. at 21.) Plaintiff cites no evidence in support of her assertion that the Wildwood store is located in "the predominantly white Homewood area," and there is no evidence in the record regarding the demographics of Homewood or the customer base of the Wildwood store. *Id.* Therefore, the Motion to Strike this conclusory assertion will be granted.

**II.     CONCLUSION**

Based on the forgoing, defendant's Motion to Strike (doc. 23) will be granted in part, and denied in part. In accordance with this Memorandum Opinion, an Order will be entered contemporaneously herewith.

**DONE** this the 3rd day of March, 2008.

_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE